CaRUTHBES, J.,
delivered the opinion of the Court.
James Taylor, Sr., made his will, and died in Franklin county, in 1839, in which he gave to his daughter, Polly, complainant’s intestate, and her sisters, Elizabeth ¡and Patsy, and his son, Alden, after giving his wife what he had received by her at marriage, most of his .personal estate, except the slaves and some real estate, *597 which he had attempted to dispose of by deeds, to other children. The balance, after settling up the estate, is now in the hands of defendant, Wm. Taylor, acting executor. The portion of the same to which complainant’s intestate is entitled, is found to be about $103, by the report and decree. The complainant claims a much larger amount, and has appealed to this Court from the decree.
The questions made arise upon this state of facts:
1. On the 28d of October, 1834, the testator, James Taylor, Sr., made a deed of gift to his son James, of five slaves.
2. A deed of gift was made to Samuel Taylor at the same time, for other slaves.
3. On the 2d of March, 1838, he made a gift, but in the form of a bill of sale, of sundry slaves, to his son William.
4. On the same day, he made a deed for a tract of land, to his son Alden.
The three last deeds were signed and witnessed, but retained in his own possession, without delivery, until his death, and after that were proved and registered.
In a contest for the property, it was decided that they were invalid as deeds, for want of delivery, and conferred no title upon the parties in that character. 2 Hum., 597.
At the March Term, 1842, of the County Court of Franklin county, Wm. Taylor, as acting executor of James Taylor, Sr., deceased, presented for probate as parts of the will of his testator, the said three papers. This was opposed by Martha Taylor and Elizabeth *598 Dowe, two of the daughters of said James, Sr., deceased. And an issue of devimvit vel non, was regularly made up in the Circuit Court of Eranklin, upon said papers.
At the March Term, 1843, the issue w.as tried, and the papers established as parts of the will of said Jam.es Taylor, Sr., deceased. From this judgment there was an appeal to the Supreme Court.
At the December Term, 1845, of the Supreme Court, the judgment was affirmed by agreement of the parties, and the judgment of affirmance regularly entered.
So the case rested until the filing of this bill in November, 1856, by the complainant, a citizen of the State of Missouri, under a recent appointment by the County Court of Eranklin, as administrator of Polly Cain, deceased. The complainant states that the said Polly died in Roane county, in 1840, leaving only one child, named Pelina, with whom he has since intermarried. He claims one full share of the estate, not only that embraced in the will of James Taylor, Sr., but that which he attempted to dispose of by the said three par pers, in the form of deeds, but set up as before stated, as testamentary. He insists that he is not bound by the judgment of the Court in favor of the plaintiff, in the issue and verdict of the jury upon said papers.
There can be -no controversy now, but that the proceeding to prove a will in solemn form, is, in rem, and is binding upon all others, as well as the parties to the issue, Patton v. Allison, 7 Hum., 320. That being so, we are relieved from the consideration of the perplexing questions presented in the argument, as to the true character of the these papers, Whether they are *599 testamentary or not, is a question not now open - for inquiry, having been once closed by the proper authorities, or judicial determination.
But it is contended, that none but the parties on record, are bound by the adjudication in that case, because the final judgment of affirmance in the Supreme Court was by agreement of the parties, and not the determination of the Court.
We are referred to no authority recognizing this distinction, and we cannot see its force. If the agreement were fraudulent, as is intimated in the bill, that might be a different case. But there is no ground for this imputation. We are authorized to believe that the contestants despairing of being able to reverse the judgment of the Circuit Court, concluded to make no further resistance, and agreed to an affirmance. This is often the case, and should be, more frequently, where attorneys can find no ground to base a plausible argument upon, for a reversal. One main reason for the conclusive character of the judgment in these cases, is, that all the parties interested have a right to become parties, and failing to do so, they are equally bound by the decision.
It is not for those who stand off, and keep clear of the dangers of the contest, to complain that the battle was not fought hard, or long enough, or that the surrender was premature. The final judgment is in conformity with that of the Circuit Court, and is presumed to be correct. But whether it is or not, it ended the controversy in favor of the papers as testamentary, and is conclusive upon all the world.
Again, the appeal did not abrogate, but only suspended the judgment of the Circuit Court. 10 Hum., *600 322. A dismissal of the appeal would have left the judgment in full force; an affirmance, even by consent, could not do less.
There is no doubt that the old man considered that he was making a valid disposition of his property to his sons, by said papers, and that the only effect upon the title, of withholding the possession until his death, would be to postpone their right until that time, and “ keep the staff in his own hand while he lived,” as he expressed it. But still, it is true, he considered the papers deeds, and not wills, or parts of his will. Yet the form is nothing, if, in substance, the papers are testamentary in their nature; that is, if it appears clear that it was the intention of the deceased, that the instruments could operate to convey the property, not before, but after his death. 1 Williams on Ex., 85. The case of Walls’ Adm’r, v. Ward, 2 Swan, 650, does not contravene this principle. There a deed of gift made perfect by delivery, was executed and registered, for the slaves, and a life estate reserved. A vested remainder, a present interest passed to the donee. If the deed had not been delivered, no title would have vested, and then it would have been analagous to this case. But as before stated, all these questions are closed by the probate in solemn form, and are now beyond our reach.
The Chancellor’s decree will be affirmed.